**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MARILYN ROBERTS,**

     **Plaintiff,**

**vs.**                                                                    **Case No. 4:08cv258-WS/WCS**

**FLORIDA PAROLE COMMISSION,
and JUDGE WILLIAM GARY,**

     **Defendants.**

_____/


**REPORT AND RECOMMENDATION**

     This cause is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff,

proceeding *pro se*, a prisoner in state custody.  Doc. 1.  She challenges the setting of

her presumptive parole release date (PPRD) by the Florida Parole Commission, and the

action of Judge Gary, who denied relief in state court on her PPRD claims.  Plaintiff

alleges that when she was interviewed for parole on October 1, 2004, the examiner

(Kimalie Hollomon) recommended a PPRD of March 5, 2007.  *Id.*, at 5.  The

Commission rejected the recommendation, set the PPRD for September 5, 2029, and

explained how it arrived at that date.  *Id.*

After an unsuccessful appeal to the Commission, Plaintiff filed a petition for writ of mandamus in state court concerning the PPRD.  *Id.*, at 5-6.  On July 23, 2007, Defendant Gary, a state court judge, denied relief to Plaintiff, signing a proposed order submitted by counsel for the Parole Commission.  *Id.*, at 6.  The following month, Plaintiff filed an appeal to the First District Court of Appeal, which was denied in January of 2008.  *Id.*  Plaintiff's motion for rehearing was also denied, and the mandate issued on March 24, 2008.  *Id.*

Plaintiff initiated this action on June 6, 2008.  She states that she is "not challenging her conviction or sentence, but the constitutionality of the Parole hearing."  *Id.*, at 6.  She claims the Commission "blatantly disregarded its own rules and laws" which resulted in a denial of Plaintiff's federal due process rights.  *Id.*  She alleges the Commission violated FLA. STAT. § 120.52(10) which requires the Commission to adhere to the Florida Administrative Code, violated FLA. STAT. § 947,165 by aggravating her PPRD by 240 months for premeditation, an element of the crime, and for attempting to avoid apprehension.  Plaintiff challenges the Commission's aggravating factors and the setting of her PPRD for so many years in the future without producing the record which supports its findings.  Furthermore, Plaintiff also claims a double jeopardy violation because the gun was used to aggravate her PPRD three separate times.  Thus, Plaintiff claims the Commission denied her a fair parole hearing and subjected her to double jeopardy.  *Id.*, at 7-8.  Finally, Plaintiff contends Judge William Gary violated her due process rights "by signing the order denying her petition for writ of mandamus and certiorari relief prepared by [the Florida Parole Commission's] assistant counsel Bradley Bishoff."  *Id.*, at 9.

For relief, Plaintiff asks the court to:

> instruct the FPC to set the PPRD in accordance with the laws and rules
> that govern the process, and instruct the Honorable Judge William Gary to
> properly review the Petitioner's Petition for Writ of Mandamus in
> accordance with Due Process of law.

Doc. 1, p. 11.

The Rooker-Feldman doctrine bars federal district courts from reviewing final decisions of a state court.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  This doctrine operates as a jurisdictional bar.  In Feldman, the Court reaffirmed the validity of Rooker and reminded federal courts that, "because federal review of state court decisions is entrusted solely to the Supreme Court, they may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment."  Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983), *cert. denied,* 467 U.S. 1210 (1984), *interpreting* Feldman, 263 U.S. at 485-86, 103 S. Ct. at 1316-17.  The doctrine applies where the plaintiff had "a reasonable opportunity to raise [her] federal claim in state proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir.1983)), *quoted in* Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

In this case, it is clear that Plaintiff had an opportunity to raise her constitutional claims in state court.  Having done so, she may not seek review again in this Court.  Her due process claims were decided on the merits by a state circuit court and affirmed by the Florida First District Court of Appeals.  If this Court were to now grant relief for

Plaintiff, it would necessarily invalidate the previous proceedings.  Thus, application of the Rooker-Feldman doctrine precludes review on the merits in this Court.  This case should be dismissed for lack of jurisdiction.

Furthermore, having already litigated her claims in state court, Plaintiff's only avenue of relief was to appeal to the Florida Supreme Court and then seek relief through the United States Supreme Court.  This Court lacks jurisdiction to hear Plaintiff's claim and the case should be dismissed.

Plaintiff's allegation against Judge Gary does not state a claim for which relief may be granted.  It is not a denial of federal due process for a judge to sign a prepared order.  State courts often ask the winning side to draft a proposed order that accurately reflects the court's rulings.  Such orders are then reviewed by the court and either entered as written or modified.  This does violate due process.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for lack of jurisdiction pursuant to the Rooker-Feldman doctrine and for failing to state a claim.

**IN CHAMBERS** at Tallahassee, Florida, on August 5, 2008.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**